UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO 07-81837-CIV-MARRA/JOHNSON

VAN CLEEF & ARPLES
LOGISTICS, S.A., *et al.*,

      Plaintiffs,

v.

FESTIVAL MARKETPLACE, *et al.*,

      Defendants.

_____/

### OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court on Plaintiffs Van Cleef & Arples Logistics, S.A., Van Cleef & Arples, Inc., and Van Cleef & Arples Distribution, Inc.'s Motion for Reconsideration of Order on Motion for More Definite Statement (DE 38), filed May 29, 2008.  To date, no Defendant has filed a response.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

On May 29, 2008, the Court granted Defendant Golden Images Jewelers, Inc., and Jay Treitman's Motion for a More Definite Statement.  (DE 18, 36.)  The Court's decision was based in part on its belief that Plaintiffs failed to respond to that motion.  However, in the instant motion, Plaintiffs call to the Court's attention that they did, in fact, respond to Defendants' motion for a more definite statement.  (*See* DE 19.)  Plaintiffs thus ask the Court to reconsider its decision granting the motion.

"[R]econsideration of a previous order is 'an extraordinary remedy, to be employed

1

sparingly.'" *Williams v. Cruise Ships Catering and Service International*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (internal citations omitted).  A motion for reconsideration is not a "vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992); *see also O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11ᵗʰ Cir. 1992) ("Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued.").  Courts generally limit reconsideration of earlier rulings to situations where the controlling law has changed, new evidence is available, or manifest injustice or clear error must be prevented.  *See Williams*, 320 F. Supp. 2d at 1357-58; *see also DeLong Equipment Co. v. Washington Mills Electro Minerals Corp.*, 990 F.2d 1186, 1197 (11ᵗʰ Cir. 1993) (explaining, in terms of the "law of the case" doctrine, that courts should not alter prior holdings without a strong justification "such as a change in controlling authority, new evidence or the need to avoid manifest injustice").

In this case, the Court feels that reconsideration is appropriate, given that the Court mistakenly overlooked Plaintiffs arguments in opposition to the motion for a more definite statement.  Nevertheless, the weight of authority compels the Court to affirm its earlier decision. Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  Fed. R. Civ. P. 8(a).  With the exception of certain actions specified in Fed. R. Civ. P. 9(b), a plaintiff need not make specific, detailed allegations; discovery is the proper place to elucidate the finer details of a claim.

Nevertheless, Plaintiffs' claims notwithstanding, federal courts generally have stated,

even under the liberal standard of Rule 8(a) that a claim for infringement is deficient if it does

not allege, in general terms, the time period over which the infringement took place. *See*

*Franklin Electronic Publishers, Inc. v. Unisonic Products Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y.

1991) ("Rule 8 requires that plaintiff state in his infringement claim . . . by what acts and during

what time defendant has infringed the copyright."); *see also Elektra Entertainment Group, Inc. v.*

*Barker*, - - F. Supp. 2d - -, 2008 WL 857527 at *3 (S.D.N.Y. Mar. 31, 2008); *Magical Mile, Inc.*

*v. Benowitz*, 510 F. Supp. 2d 1085, 1087 (S.D. Fla. 2007); *Airframe Systems, Inc. v. L-3*

*Communications Corp.*, No. 05-CV-7638(GBD), 2006 WL 2588016 at *2 (S.D.N.Y. Sept. 6,

2006); *Sefton v. Jew*, 201 F. Supp. 2d 730, 747 (W.D. Tex. 2001); *Carell v. Shubert*

*Organization, Inc.*, 104 F. Supp. 2d 236, 250 (S.D.N.Y. 2000).

Plaintiffs recognize this authority, and in response, Plaintiffs cite a district court case that

discounts these cases by labeling the requirements they impose as a "heightened pleading

standard in cases of alleged copyright infringement." *Arista Records LLC v. Greubel*, 453 F.

Supp. 2d 961, 964-65 (N.D. Tex 2006). Specifically, Plaintiffs cite a specific passage stating that

a plaintiff cannot be required to specify dates for the alleged infringement. *Id.* at 961.

The Court agrees with the *Greubel* court. However, from the statements of the *Greubel*

court, the Court does not take the same logical leap as Plaintiffs that "there is no requirement to

specify a date and time of an infringing activity." (DE 19 at 5.) Instead, *Greubel* confirms that a

complaint alleging infringement must specify *some* time period during which the infringing

activity took place. While a plaintiff need not specify an exact date, a plaintiff must still specify

some quantum of time. The Court has, on multiple occasions, scoured Plaintiffs' Complaint (DE

1) (as well as Plaintiff's proposed amended complaint (*see* DE 42)), and the Court finds

absolutely no reference to any time period during which the infringing activity occurred. Thus, Plaintiffs' Complaint is deficient, and Defendants are entitled to a more definite statement pursuant to Fed. R. Civ. P. 12(e).

The Court wishes to clarify its previous Order (DE 36): the Court ordered Plaintiffs to supplement the Complaint with the "time-frame of when the acts allegedly committed by Defendants took place." (DE 36 at 3.) Plaintiffs were *not* ordered to provide specific dates for each act of infringement; instead Plaintiffs need only supplement the Complaint with general allegations of the timing of the infringement. Attaching a bill of sale to their opposition brief to the motion for a more definite statement (*see* DE 19 Ex. A) is insufficient to provide the "notice" to Defendants contemplated by Fed. R. Civ. P. 8. Consistent with Fed. R. Civ. P. 11(b)(3), Plaintiff's claims in this case should have evidentiary support. Thus, Plaintiff should have some good faith basis for believing Defendants infringed on its rights and should therefore have some good faith basis for knowing the time frame during which the infringement took place. This is a minimal burden in view of the presuit requirements of Rule 11.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Reconsideration (DE 38) is **DENIED**. Plaintiffs shall have ten (10) days from the date of entry of this Order to Comply with the Court's previous Order (DE 36).

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of June, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to: all counsel of record

4