UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO 07-61837-CIV-MARRA/JOHNSON

VAN CLEEF & ARPLES
LOGISTICS, S.A., *et al.*,

    Plaintiffs,

v.

FESTIVAL MARKETPLACE, *et al.*,

    Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Defendants Jay Treitman's and Golden Images Jewelers, Inc.'s Motion and Incorporated Memorandum of Law to Strike Plaintiffs' More Definite Statement and for Compliance with Court's Opinion and Order Denying Motion for Reconsideration (DE 60), filed July 17, 2008, and Defendants' Jerry Goldman and Is It Real Sample, Inc. d/b/a Is It Real's Motion for More Definite Statement (DE 58), filed July 15, 2008. Plaintiff filed an Opposition to Defendants Treitman and Golden Image Jewelers' Motion to Strike (DE 68). Defendants Treitman and Golden Image Jewelers' replied (DE 70). Plaintiffs filed no response to Defendants' Jerry Goldman and Is It Real's Motion for More Definite Statement. The Court has carefully considered the motions, responses and replies where filed, and the record, and is fully advised in the premises.

On May 29, 2008, the Court granted Defendant Golden Images Jewelers, Inc., and Jay Treitman's Motion for a More Definite Statement. (DE 18, 36.) In that Order, the Court ruled that Plaintiff had ten (10) days "to supplement its complaint with the time-frame of when the acts

allegedly committed by Defendants took place." (DE 36). Plaintiff moved for reconsideration. (DE 38). On June 18, 2008, the Court entered an Opinion and Order Denying Plaintiff's Motion for Reconsideration of Order on Motion for More Definite Statement. (DE 46). In the June 18, 2008 Order, the Court again directed Plaintiffs to supplement the complaint:

> The Court wishes to clarify its previous Order (DE 36): the Court ordered Plaintiffs to supplement the Complaint with the "time-frame of when the acts allegedly committed by Defendants took place." (DE 36 at 3.) Plaintiffs were *not* ordered to provide specific dates for each act of infringement; instead Plaintiffs need only supplement the Complaint with general allegations of the timing of the infringement. Attaching a bill of sale to their opposition brief to the motion for a more definite statement (*see* DE 19 Ex. A) is insufficient to provide the "notice" to Defendants contemplated by Fed. R. Civ. P. 8.

(DE 46 at 4).

Plaintiff has since filed an Amended Complaint (DE 53), adding R/S Associates of Florida, LP as a Defendant. The Amended Complaint, however, did not include any reference to any time period during which the infringing activity occurred. Plaintiffs have also filed two statements of More Definite Statement (DE 48, June 24, 2008; and DE 67, July 22, 2008). In these statements, Plaintiffs list the date when Defendants Golden Images and Jay Treitman; Is it Real Sample, Inc. and Jerry Goldman; Jewelry Collection; and Silver Wave "sold and offered for sale an infringing item to Plaintiff's investigator." (De 48 at 1, DE 67 at 2). Additionally, each More Definite Statement states: "Plaintiffs are unaware of when the infringements commenced or when they ceased, but they are believed to have commenced some time prior to dates indicated and ceased some time thereafter, if they have not continued to date." (De 48 at 1-2, DE 67 at 2).

Defendants again move the Court for an order requiring a more definite statement. (DE 58, 60). Defendants' Jerry Goldman and Is It Real argue that the Amended Complaint (DE 53) is vague or ambiguous. Specifically, Defendants state that the Amended Complaint "remains a

2

series of general allegations asserted" against at least thirty-one defendants. (DE 58 at 1-2.) Each count of the Amended Complaint "alleges merely that the 'Defendants' (allegedly 'all of them') have done all of the various acts complained of." (*Id.* at 2). Defendants Goldman and Is It Real wish to ascertain whether they have insurance coverage for the acts they are alleged to have committed, but Defendants state they cannot determine whether the Complaint asserts that they committed some or all of the alleged acts. (*Id.* at 3.) Defendants Goldman and Is It Real seek the following details from Plaintiffs: "the specific acts which Plaintiff can allege and attribute to the Defendants and the dates upon which acts were allegedly committed." (*Id.* at 2).

Defendants Golden Image Jewelers and Jay Treitman have filed a Motion (DE 60) to strike Plaintiffs' More Definite Statement (DE 48) and to request the Court to issue an order requiring Plaintiffs' compliance with the Opinion and Order Denying Plaintiff's Motion for Reconsideration of Order on Motion for More Definite Statement (DE 46). Defendants Golden Image Jewelers and Treitman argue that Plaintiffs' More Definite Statement (DE 48) "completely fails to abide by this Court's clear and simple instructions." (DE 60 at 3). Defendants point to the Court's directive in the Order denying reconsideration:

> Attaching a bill of sale to their opposition brief to the motion for a more definite statement (*see* DE 19 Ex. A) is insufficient to provide the "notice" to Defendants contemplated by Fed. R. Civ. P. 8.

(DE 46 at 4).

First, Defendants argue that Plaintiffs' More Definite Statement violated the Court's instructions by simply reiterating that the 'one date' of allegedly infringing conduct that they are aware of is the October 18, 2007 date reflected by the bill of sale that is attached to Plaintiffs' opposition brief. (DE 48 at 1). Moreover, Defendants assert, the one date and invoice does not

3

relate to Defendant Treitman and does not provide any indication of what Treitman personally is alleged to have done, much less when he is alleged to have done anything in relation to this case. (DE 60 at 3).  Second, Defendants argue that Plaintiffs' statement in the More Definite Statement of time frame is improper because it disregards the Court's June 18, 2008 Order by not providing an appropriate time-frame of alleged infringement.  (DE 60 at 4).

Plaintiffs respond that they have stated a *prima facie* case of copyright and trade dress infringement and have specified the one infringing transaction of which they are aware. (DE 68 at 3-4). Plaintiffs maintain that no more should be required before discovery (*Id.* at 5). Additionally, Plaintiffs claim that, based on Golden Images' discovery responses, its instant motion for more definite statement is a waste of time, as Defendants have provided the very information they tell the Court they need. (*Id.* at 4, 7 ). In fact, Plaintiffs claim the information supposedly now sought by Golden Images is peculiarly in its possession and it has refused to provide it to Plaintiffs. (*Id.* at 5). Plaintiffs argue that there is no way, other than through discovery, that Plaintiffs "could possibly know how many other infringing items were sold or offered for sale, and when." (*Id.* at 5).

In opposition to Defendant Jay Treitman's argument that his participation is not amply pleaded, Plaintiffs cite to ¶ 13 of the Amended Complaint, which alleges:

> Upon information and belief, defendant Jay Treitman (hereinafter "J. Treitman") is an individual who is an officer or other managing agent of Golden Images having an office at Golden Images, . . . and is a conscious dominant and active force behind the wrongful acts of Golden Images complained of herein, which wrongful acts he has engaged in for the benefit of Golden Images and for his own individual gain and benefit.

(Am. Compl. ¶ 13).   Plaintiffs argue that the "allegation is clear and specific:  Mr. Treitman is an officer or managing agent of the corporation who caused it to engage in the acts of infringement -

including on the date specified in the More Definite Statement." (DE 60 at 6).

Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  If a pleading "fails to specify the allegations in a manner that provides sufficient notice" or does not contain enough information to allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more definite statement.  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002); <u>Sisk v. Texas Parks and Wildlife Dep't</u>, 644 F.2d 1056, 1059 (5th Cir. 1981).[1]  Courts typically grant motions under Rule 12(e) for "shotgun" pleadings, in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." <u>Anderson v. District Board of Trustees of Central Florida Community College</u>, 77 F.3d 364, 366 (11th Cir. 1996).  Plaintiff has the burden to provide Defendants with a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).  As explained by another court, "[t]he claim of the plaintiff in his complaint is sufficiently definite to enable the defendant to know with what it is charged, and it is reasonably able therefrom to respond whether it did the thing charged." <u>Dennis v. Begley Drug Co. of Tennessee, Inc.</u>, 53 F.R.D. 608, 609 (E.D. Tenn. 1971).  However, a pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it.  Such detail should not be left to discovery, for the "purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." <u>Stoner v. Walsh</u>, 772 F. Supp. 790, 800 (S.D.N.Y. 1991).

---

[1]In <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

The Court finds that Defendants are not entitled to a more definite statement of the claims made against them in the Amended Complaint (DE 53) and statements of More Definite Statement (DE 48, 67). First, with regard to the "time-frame," Plaintiffs have alleged all that they are able to at this point. Plaintiffs state the elements of the cause of action and state the specific dates of infringement of which they are aware. If Plaintiffs are only aware of one date, then that is the "time-frame" for current purposes.[2]

Second, Defendants state they cannot determine whether the complaint asserts that they committed some or all of the alleged acts. Each count of the Amended Complaint alleges "Defendants . . . ." Therefore, logic dictates that when composing a responsive pleading to the Amended Complaint, each Defendant should assume that the allegations in the Amended Complaint are directed at each Defendant.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants Jay Trietman's and Golden Images Jewelers, Inc.'s Motion and Incorporated Memorandum of Law to Strike Plaintiffs' More Definite Statement and for Compliance with Court's Opinion and Order Denying Motion for Reconsideration (DE 60) and Defendants' Jerry Goldman and Is It Real Sample, Inc. d/b/a Is It Real's Motion for More Definite Statement (DE 58) are **DENIED.** Defendants should file a responsive pleading within the time frame required under the Federal

---

[2] The attachment of the bill of sale to the opposition brief was not sufficient previously because (1) it was not attached to or alleged in the complaint and could not be considered part of the pleading, and (2) it would not be adequate if Plaintiffs knew of other dates of infringement but were withholding that information.

Rules.

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida,

this 28th day of October, 2008.

                      KENNETH A. MARRA
                      United States District Judge

copies to:

All counsel of record